Desilets v. Wal-Mart                    CV-95-534-SD 11/26/97

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW HAMPSHIRE


James Desilets;
Ricky Ordway;
John Pederson;
Matthew Young


     v.                                      Civil No. 95-534-SD


Wal-Mart Stores, Inc.


## O R D E R


While employed at relevant times by the defendant Wal-Mart Stores, Inc. (Wal-Mart), the four plaintiffs in this action discovered that their employer had secreted voice-activated tape recorders in the workplace. Accordingly, they brought suit for damages pursuant to the federal, 18 U.S.C. § 2520, and state, New Hampshire Revised Statutes Annotated (RSA) 570-A, wiretap laws.

In response to special verdict questions, the jury awarded each of the plaintiffs the sum of $10,000 for violation of the "intentional interception" provisions of the federal law, and awarded each plaintiff $10,000 for violations of the "intentional use" provisions of the same statute. The jury also awarded each plaintiff the sum of $1,000 for violation of the "willful interception provision of the state wiretap law, and awarded each

plaintiff the sum of $1,000 for violation of the "willful use" provision of said statute.* Otherwise stated, each plaintiff was awarded a total of $22,000 for violations of the statutes upon which they based their claims.

However, it is well-established law that a plaintiff cannot claim multiple recoveries for the same loss, even though different theories of liability are alleged in the complaint. Phillips v. Verax Corp., 138 N.H. 240, 248, 637 A.2d 906, 912 (1994); LaBarre v. Shepard, 84 F.3d 496, 501-02 (1st Cir. 1996). See also Borden v. Paul Revere Life Ins., 935 F.2d 370, 383-84 (1st Cir. 1991). It follows that each plaintiff is entitled only to here recover the greater of the jury awards; that is, $10,000 each for a violation of the "intentional interception" provision of the federal law and $10,000 each for violation of the "intentional use" provision of that statute.

---

*Plaintiff Desilets also advanced a claim for lost wages, but the court granted a judgment as a matter of law on this claim in the course of trial. Rule 50(a), Fed. R. Civ. P. The jury also returned verdicts for the defendant on each claim of the plaintiffs which sought recovery of punitive damages.

2

The clerk is directed to enter judgment in accordance with the terms of this order.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

November 26, 1997
cc:   E. Tupper Kinder, Esq.
      Charles L. Powell, Esq.
      Claude T. Buttrey, Esq.

3